IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

Debtor 1: Annie Uleese Mitchell
First Name   Middle Name   Last Name

Debtor 2 (Spouse, if filing):
First Name   Middle Name   Last Name

Case number (If known): 19-10609

☐ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:
    ☑ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan:
    ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:
    ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**483.00** for the applicable commitment period of:

    ☐ 60 months; **or**

    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 ____ %  ☐ Debtor 2 ____ %

    ☑ Direct to the Trustee for the following reason(s):
    ☑ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
    _____

    (c) Additional Payments of $**0** (estimated amount) will be made on _____, ___ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

Debtor    **Annie Uleese Mitchell**                        Case number    **19-10609**

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Vanderbilt Mortgage | 2525 Equinox Avenue Dalzell, SC 29040 Sumter County .7 acre lot and 2000 Clayton mobile home | No | Debtor | June 2019 | $436.00 |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| -NONE- | | | | |

4.  **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

(b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

(c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

(e) **Secured Claims Excluded from 11 U.S.C. § 506** (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)). The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Flagship Credit Acceptance | 2015 Chevy Malibu 60000 miles | 12,375.00 | 5.00% | 100.00 |
| Acima Credit | All Collateral | 100.00 | 4.00% | 5.00 |
| Okinus, Inc | All Collateral | 100.00 | 4.00% | 5.00 |
| Progressive Leasing | All Collateral | 1,800.00 | 4.00% | 25.00 |
| Snap Finance | All Collateral | 100.00 | 4.00% | 5.00 |

| Debtor | Annie Uleese Mitchell | Case number | 19-10609 |
|---|---|---|---|

    (g)  **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

        ☐ with interest at ____% per annum; **or** ☐ without interest:

        None

    (h)  **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of $**0.00**, whichever is greater.

**5.** **Executory Contracts.**
    (a)  **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| -NONE- | | | | |

    (b)  **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

**6.** **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| -NONE- | |

**7.** **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

**8.** **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| Aaron's Sales & Lease | | All Collateral |
| Wells Fargo Bank | | All Collateral |

**9.** **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| Credit Recovery Associates | All Collateral | Ful Satisfaction of the Debt. |
| Joyce Shorter | 2020 Tudor Street Sumter, SC 29150 Sumter County Previuosly surrendered | Full Satisfaction of the Debt. |

**10.** **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

**11.** **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

| Debtor | Annie Uleese Mitchell | Case number | 19-10609 |
|---|---|---|---|

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

Provided there is no demand by the mortgage holder(s) for payment of pre-petition debt, the Debtor(s) shall not consider it to be a violation of the automatic stay for Debtor's (Debtors') mortgage holder(s) to send regular monthly mortgage account statements, coupon books, notice of payment and/or escrow changes or outher such notices as the mortgage holder(s) may send in the normal course of business with respect to any post-petition payments and/or obligations of the Debtor(s). Debtor(s) further request the mortgage holder(s) allow the Debtor(s) to pay all post-petition mortgage payments by check, electronic funds transfers (ETFs), telephonic payments, money orders, Western Union or any other manner acceptable to the mortgage holder(s).

Credit Recovery Associates and Joyce Shorter must file a Motion for Relief from Stay , unless said collateral has been previously acquired by law (i.e. foreclosure), in order to perfect any security interests in said collateral.

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated: **May 9, 2019**

/s/ Annie Uleese Mitchell
Annie Uleese Mitchell
*Debtor 1*

*Debtor 2*

/s/ D. Clay Ward
D. Clay Ward 736770
*Attorney for the Debtor(s)*

GASB - Form 113 December 1, 2017

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

IN RE: )
   Annie Uleese Mitchell., ) CASE NO.: 19-10609
   Debtor. )

### CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I hereby certify that I have this day served upon the following parties a copy of the foregoing Chapter 13 plan by First Class Mail placing the same in United States Mail with proper postage affixed thereon to the following addresses:
**See matrix attached as Exhibit 1.**

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following corporations addressed to an Agent or Officer by First Class Mail placing the same in United States Mail with proper postage affixed thereon:
**VIA CERTIFIED MAIL**
**Vanderbilt Mortgage**
c/o Officer or Agent for Service
PO Box 9800
Maryville, TN 37802-9800

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following creditors in the manner proscribed by Rule 7004, as the Chapter 13 plan proposes to modify/alter/avoid their secured status pursuant to paragraph 4(f) or paragraph 8 of the plan:

**VIA CERTIFIED MAIL**
**Flagship Credit Acceptance**
c/o Officer or Agent for Service
PO Box 965
Chadds Ford, PA 19317-0643

**VIA CERTIFIED MAIL**
**Acima Credit**
c/o Officer or Agent for Service
9815 Monroe Street, 4th Floor
Sandy, UT 84070-4384

**VIA CERTIFIED MAIL**
**Okinus, Inc.**
c/o Officer or Agent for Service
PO Box 691
Pelham, GA 31779-0691

**VIA CERTIFIED MAIL**
**Wells Fargo Bank**
c/o Officer or Agent for Service
PO Box 10438
Des Moines, IA 50306-0438

**VIA CERTIFIED MAIL**
**Prog Leasing LLC**
c/o Officer or Agent for Service
256 West Data Drive
Draper, UT 84020-2315

**VIA CERTIFIED MAIL**
**Snap Finance**
c/o Officer or Agent for Service
1760 W. 2100 S #26561
Salt Lake City, UT 84199-9995

**VIA CERTIFIED MAIL**
**Aaron's Sales & Lease**
c/o Officer or Agent for Service
PO Box 100039
Kennesaw, GA 30156-9239

Page 2
Case No.: 19-10609

I hereby certify that I have this day electronically served the following parties and counsel via CM/ECF:

N/A

This 14th day of May, 2019.

/s/ D. Clay Ward
D. Clay Ward
Ward and Spires, LLC
445 Walker Street
Augusta, GA 30901
706-724-2640

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113J-1<br>Case 19-10609-SDB<br>Southern District of Georgia<br>Augusta<br>Mon May 13 12:48:16 EDT 2019 | ADT<br>PO Box 371878<br>Pittsburgh PA 15250-7878 | Aaron's Sales & Lease<br>Attn: Bankruptcy<br>Po Box 100039<br>Kennesaw GA 30156-9239 |
| Acima Credit<br>9815 Monroe Street<br>4th Floor<br>Sandy UT 84070-4384 | Annie Uleese Mitchell<br>202 Bertram Road<br>Augusta GA 30909-4691 | Augusta Neuro Hospitalists<br>PO Box 740776<br>Cincinnati OH 45274-0778 |
| Caryn M. West & Associates<br>211 N. Washington St.<br>Sumter SC 29150-4204 | Credence Resource Management<br>17000 Dallas Parkway<br>Suite 204<br>Dallas TX 75248-1940 | Credit Recovery Associates<br>Attn: Bankruptcy<br>Po Box 1228<br>Mauldin SC 29662-1228 |
| D. Clay Ward<br>Ward and Spires, LLC<br>PO Box 1493<br>Augusta, GA 30903-1493 | Doctor's Hospital<br>PO Box 740013<br>Louisville KY 40201-7413 | ERC<br>PO Box 57610<br>Jacksonville FL 32241-7610 |
| ERC/Enhanced Recovery Corp<br>Attn: Bankruptcy<br>8014 Bayberry Road<br>Jacksonville FL 32256-7412 | First Premier Bank<br>Attn: Bankruptcy<br>Po Box 5524<br>Sioux Falls SD 57117-5524 | Flagship Credit Acceptance<br>Po Box 965<br>Chadds Ford PA 19317-0643 |
| (p)FRONTIER COMMUNICATIONS<br>BANKRUPTCY DEPT<br>19 JOHN STREET<br>MIDDLETOWN NY 10940-4918 | GA Masters Emergency Phys, LLC<br>PO Box 37954<br>Philadelphia PA 19101-0554 | Helvey & Associates<br>1029 East Center St<br>Warsaw IN 46580-3420 |
| (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | Jefferson Capital Systems, LLC<br>Po Box 1999<br>Saint Cloud MN 56302 | Joseph M. Still Burn Center, Inc.<br>PO Box 3726<br>Augusta GA 30914-3726 |
| Joyce Shorter<br>221 Malibu Lane<br>Simpsonville SC 29680-7758 | Huon Le<br>P.O. Box 2127<br>Augusta, GA 30903-2127 | MidAmerica Bank & Trust Company<br>Attn: Bankruptcy<br>216 West Second St<br>Dixon MO 65459-8048 |
| Office of the U. S. Trustee<br>Johnson Square Business Center<br>2 East Bryan Street, Ste 725<br>Savannah, GA 31401-2638 | Okinus, Inc<br>Attn: Bankruptcy<br>Po Box 691<br>Pelham GA 31779-0691 | Pinewood Apartments<br>1075 Bertram Road<br>Augusta GA 30909-2174 |
| (p)PROG LEASING LLC<br>256 WEST DATA DRIVE<br>DRAPER UT 84020-2315 | Snap Finance<br>1760 W. 2100 S #26561<br>Salt Lake City UT 84199-9995 | South Carolina Electric & Gas<br>Attn: Bankruptcy Dept.<br>108 Barnwell Ave<br>Aiken SC 29801-3902 |

Exhibit 1

```
Vanderbilt Mortgage              Dempsey Clay Ward            Wells Fargo Bank
Attn: Bankruptcy                 Ward & Spires                Attn: Bankruptcy
Po Box 9800                      P O Box 1493                 Po Box 10438
Maryville TN 37802-9800          Augusta, GA 30903-1493       Des Moines IA 50306-0438
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Frontier Communication           Jefferson Capital Systems    Progressive Leasing
Attn: Bankruptcy                 16 McLeland Road             10619 South Jordan Gateway
19 John St.                      Saint Cloud MN 56303         Suite 100
Middletown NY 10940                                           South Jordan UT 84095
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Annie Uleese Mitchell         End of Label Matrix
202 Bertram Road                 Mailable recipients    32
Augusta, GA 30909-4691           Bypassed recipients     1
                                 Total                  33
```

Exhibit 1